Submitted May 7, reversed and remanded July 28, 2010

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# TERRY LEWIS LIND,
*Defendant-Appellant.*

Multnomah County Circuit Court
080230651; A140235

236 P3d 790

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Terry Lewis Lind filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, filed the brief for respondent. On the supplemental brief were John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Inge D. Wells, Senior Assistant Attorney General.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for one count each of delivery of methamphetamine, ORS 475.890(2), possession of methamphetamine, ORS 475.894, and possession of cocaine, ORS 475.884. In his opening brief on appeal, defendant raises three assignments of error. In the first assignment of error, he contends that the trial court erred in denying his request for self-representation. In his other assignments of error, he challenges two of the court's jury instructions. In a *pro se* supplemental brief, defendant raises five additional assignments of error, including one concerning the trial court's denial of his motion to dismiss the case on statutory speedy trial grounds. A discussion of the facts would not benefit the bench, the bar, or the public.

With regard to defendant's first assignment of error, the state concedes that "[t]he trial court erred when it denied defendant's request for self-representation." Further, the state took "no position on counsel's second and third assignments of error and the assignments of error in defendant's *pro se* supplemental brief" because "its concession on [the first assignment of error] is dispositive." However, after the case was submitted to us, we issued an order directing the state to file a supplemental brief addressing defendant's assignment of error concerning the denial of his motion to dismiss on statutory speedy trial grounds because, "if the speedy trial issue is well-taken, that would render moot the proceeding at trial without counsel issue." Thereafter the state filed a supplemental brief addressing the speedy trial issue.

We reject defendant's assignment of error in his *pro se* supplemental brief concerning the speedy trial issue without discussion. With regard to defendant's first assignment of error concerning the trial court's denial of his request for self-representation, we agree with and accept the state's concession that the trial court erred in that regard. Our resolution of the first assignment of error obviates any need to address defendant's other assignments of error in his opening brief and his *pro se* supplemental brief.

Reversed and remanded.